2013 OK CR 15

**Jason Scott DAY, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

No. F–2012–143.

Court of Criminal Appeals of Oklahoma.

Sept. 11, 2013.

---

### ORDER GRANTING PETITION FOR REHEARING AND DENYING RELIEF

¶ 1 Jason Scott Day was tried by jury and convicted of First Degree Murder in violation of 21 O.S.Supp.2006, 701.7(C), in the District Court of Oklahoma County, Case No. CF–2009–1210. In accordance with the jury's recommendation the Honorable Kenneth C. Watson sentenced Day to life imprisonment. Day must serve 85% of his sentence before becoming eligible for parole consideration. This Court affirmed Day's conviction and sentence by published Opinion on June 18, 2013. *Day v. State*, 2013 OK CR 8, 303 P.3d 291. On July 8, 2013, Day filed a Petition for Rehearing.

¶ 2 A Petition for Rehearing shall be filed for two reasons only:

(1) That some question decisive of the case and duly submitted by the attorney of record has been overlooked by the Court, or

(2) That the decision is in conflict with an express statute or controlling decision to which the attention of this Court was not

called either in the brief or in oral argument.

Rule 3.14, *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch.18, App. (2013).

¶ 3 Day argues that this Court, in deciding Proposition I, addressed only his claim under *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), and *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 119 S.Ct. 1167, 1174, 143 L.Ed.2d 238 (1999), but failed to address his claims under 12 O.S.2011 §§ 2105 and 2702. Day raised no separate claim under § 2105. The Oklahoma Supreme Court recently ruled that the 2009 restatement of § 2702 is unconstitutional. *Douglas v. Cox Retirement Properties, Inc.,* 2013 OK 37, ¶ 12, 302 P.3d 789, 794. As the previous version of that statute was in effect at the time of Day's crime, we briefly address his claim. Day asked for a *Daubert* hearing below, not a formal determination that the evidence was admissible under § 2702, and we review for plain error. There is none. Plain error is an actual error, that was plain or obvious, that affects a defendant's substantial rights and the outcome of the trial. *Barnard v. State,* 2012 OK CR 15, ¶ 13, 290 P.3d 759, 764. Nothing in the record supports a conclusion that the trial court did not fulfill its duties under § 2702.

¶ 4 Day's Petition for Rehearing is **DENIED.**

¶ 5 **IT IS SO ORDERED.**

¶ 6 **WITNESS OUR HANDS AND THE SEAL OF THIS COURT** this 11th day of September, 2013.

/S/DAVID B. LEWIS, Presiding Judge

/S/CLANCY SMITH, Vice Presiding Judge

/S/CHARLES A. JOHNSON, Judge

/S/ARLENE JOHNSON, Judge

GARY L. LUMPKIN, Judge, Concur in Results.